UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENYATTA S. CLINCY,

    Plaintiff,

v.                                                                      Case No. 24-cv-394-bhl

KEVIN A. CARR,

    Defendant.

## SCREENING ORDER

    Plaintiff Kenyatta S. Clincy, who is currently serving a state prison sentence at the Prairie du Chien Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Clincy's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

    Clincy has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Clincy has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $23.16. Therefore, the Court will grant Clincy's motion for leave to proceed without prepayment of the filing fee.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Clincy is an inmate at the Prairie du Chien Correctional Institution. Dkt. No. 1. Defendant is Department of Corrections Secretary Kevin A. Carr. *Id.* Clincy has been convicted of numerous felonies since 1992, including 92CF3758, 95CF3328, 95CF3213, 95CF3329, 05CF5735, and

11CF1752.  *Id*. at 1-3.  He alleges that all of his sentence calculations are incorrect due to misapplication of Wisconsin's mandatory release statute, and it has caused him to remain incarcerated "for the last 30 plus years," allegedly beyond the termination of his sentences.  *Id*. at 2-5.  His mandatory release date is July 23, 2028; and his maximum discharge date is July 23, 2038.  *See* WISCONSIN DEPARTMENT OF CORRECTIONS INMATE LOCATOR, https://appsdoc.wi.gov/lop (last visited Aug. 30, 2024).  For relief, Clincy seeks monetary damages for the time he allegedly spent incarcerated beyond the termination of his sentences, along with adjustment of his mandatory and maximum discharge dates.  *Id*. at 4-5.

### THE COURT'S ANALYSIS

A prisoner cannot bring a §1983 claim that "necessarily impl[ies] the invalidity of [the] conviction or sentence" until he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  "The rationale of *Heck* is that prisoners should not be able to circumvent the established routes for challenging the lawfulness of their continued confinement through a suit for damages under §1983." *Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003).  "State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody." *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000).

It is clear from the complaint, along with the 46-pages of attachments Clincy provided, that he seeks to challenge sentence calculations on his criminal convictions that have not yet been reversed, expunged, declared invalid, or called into question by a court with authority to do so. *See* Dkt. No. 1.  Clincy's claim for monetary damages is therefore barred by *Heck v. Humphrey*. *See e.g., DuBois v. Whittler*, No. 17-CV-01304-NJR, 2018 WL 967566, at *3 (S.D. Ill. Feb. 20,

3

2018); *see e.g., Stone v. Walker*, No. CIV. 06-598-JLF, 2006 WL 2855183, at *2 (S.D. Ill. Oct. 3, 2006). To the extent Clincy seeks adjustment of his mandatory and maximum discharge dates, i.e., speedier release from custody, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under §2254, and even then, only *after* exhaustion of any available state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see Beaven*, 74 F. App'x at 638. Because no amendment can overcome the bars posed by *Heck and Preiser*, an opportunity to amend the complaint would be futile. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Therefore, the Court will dismiss this case without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Clincy's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because it is barred by *Heck v. Humphrey* and *Preiser v. Rodriguez*. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the agency having custody of Clincy shall collect from his institution trust account the **$326.84** balance of the filing fee by collecting monthly payments from Clincy's prison trust account in an amount equal to 20% of the preceding month's income credited to Clincy's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Clincy is transferred to another institution, the transferring institution shall forward a copy of this Order along with Clincy's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Clincy is confined.

Dated at Milwaukee, Wisconsin on August 30, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.